[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11317

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STEVE ANTHONY RICHARDS,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80005-AMC-1

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Steve Anthony Richards appeals his sentence of 12 months in prison for attempted illegal re-entry after deportation or removal. We affirm.

## I.

Richards argues that the district court violated his procedural due process rights by considering information from a presentence investigation report (PSR) prepared in 2000 for his prior illegal re-entry case. He notes that the report from the earlier case—like all such reports—was confidential and could not be accessed by the parties without a court order, and he contends that the court should have notified him in advance that it would take the older report into account at sentencing.

To the extent that Richards argues that the district court should not have reviewed materials from his prior federal criminal case in preparation for sentencing, we disagree. By statute, district courts may consider any "information concerning the background, character, and conduct" of the defendant for sentencing purposes, without limitation. 18 U.S.C. § 3661. A PSR from a prior similar offense is a readily available source of such information, and the district court did not err by reviewing it.

We are likewise unpersuaded by Richards's argument that due process required the district court to notify him before

sentencing that it would consider the PSR from his prior case. The only precedent Richards cites in support of his argument states that as a matter of "[s]ound practice," "judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues." *Irizarry v. United States*, 553 U.S. 708, 715 (2008). Richards had that opportunity here. The probation officer notified him before sentencing (by addendum to the 2023 PSR) that information from the 2000 PSR was used in the report prepared for his current case. The probation officer's addendum also notified Richards that the circumstances of his prior offenses would be relevant to the court's determination of his sentence, explaining that "if reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted."

At sentencing, the district court notified Richards that it had read the 2000 PSR. When defense counsel objected that she had not been given a copy of the earlier report, the court provided a copy and took a break so that counsel could review the report with Richards. After the break, counsel confirmed that she had had an opportunity to review the report, and neither she nor Richards raised any further objections to it. To the contrary, counsel argued that the 2000 PSR corroborated Richards's position that his prior illegal re-entry stemmed in part from his youth and lack of familiarity with his country of citizenship (Jamaica) at the time.

Richards was provided adequate notice that information from the 2000 PSR would be relevant at sentencing, and he was given an opportunity to review and rebut, object to, or explain the information before the district court imposed its sentence. Due process was satisfied.

## II.

Richards also argues that his 12-month sentence was substantively unreasonable. He contends that his 20-year-old non-violent drug and immigration offenses did not justify the upward variance from the Guidelines range of zero to six months in prison. He also argues that the district court failed to consider the reason for his attempted illegal reentry—his concern for the safety of his adult daughter, who is an American citizen—as a mitigating factor.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The defendant bears the burden of establishing that his sentence is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Those factors include (among others) the nature and circumstances of the offense, the defendant's history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence. *See* 18 U.S.C. § 3553(a). An above-Guidelines sentence carries no presumption of unreasonableness, though we may consider the extent of the variance in determining whether a sentence

23-11317                Opinion of the Court                5

was reasonable. *Gall*, 552 U.S. at 51. We will vacate the sentence imposed only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

That is not the case here. The district court considered Richards's arguments, including his family ties in the United States, his reasons for re-entering the country, and the length of time since his prior offenses. But it also considered that Richards had been removed from the United States twice before, and that his second removal in 2004 stemmed from a prior illegal re-entry conviction. Despite receiving a sentence of 46 months in prison for his first illegal re-entry offense, Richards nonetheless attempted to commit the same crime again. The court explained that an upward variance to 12 months—far below the statutory maximum sentence of 20 years—was necessary and appropriate to deter Richards from reoffending, to promote respect for the law, and to provide just punishment. *See United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) (noting that a sentence well below the statutory maximum is an indicator of reasonableness). The court's conclusion was easily within its "considerable discretion" to decide whether and how much to vary outside the Guidelines range. *Id*.

### III.

The 12-month sentence imposed by the district court was procedurally and substantively reasonable. We therefore affirm.

**AFFIRMED.**